# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:19CR189 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| -vs- | : | |
| | : | |
| JOSE ISMAEL VASQUEZ VALENZUELA, | : | **DEFENDANT'S SENTENCING** |
| | : | **MEMORANDUM** |
| Defendant. | : | |

Defendant Jose Vasquez Valenzuela, through counsel, respectfully submits the attached Sentencing Memorandum for this Court's consideration in determining the appropriate sentence at his September 4, 2019, sentencing hearing. He respectfully asserts that a sentence below the advisory Sentencing Guidelines, followed by supervised release with conditions is "sufficient but not greater than necessary" to achieve the statutory goals of sentencing under Title 18, United States Code §§ 3553(a) and 3661.

                                                             Respectfully submitted,

                                                             STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Charles E. Fleming*
CHARLES E. FLEMING
Assistant Federal Public Defender
Ohio Bar: 0046778
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: charles_fleming@fd.org

## **MEMORANDUM**

**I.     INTRODUCTION**

Jose Vasquez Valenzuela was charged with a violation of 8 U.S.C. §1326 and §1326(b). On May 20, 2019, M r . Vasquez Valenzuela pled guilty to the single-count Indictment. Mr. Vasquez Valenzuela has been detained in the custody of the United States Marshal since April 4, 2019.

**II.    APPLICATION OF 18 U.S.C. § 3553(A)'S SENTENCING FACTORS**

A sentencing court is to impose the *lowest* sentence achieving the four statutory purposes of sentencing:  justice; deterrence; incapacitation; and rehabilitation. 18 U.S.C. § 3553(a)(2); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).  Thus, the sentencing range proposed through calculation of the advisory Sentencing  Guidelines is only one of many factors sentencing courts must consider when imposing sentence. After properly calculating the applicable advisory guideline range, sentencing courts must then  consider each of the remaining § 3553(a) factors in order to impose a sentence that is sufficient,  but not greater than necessary, to fulfill the purposes of sentencing. *Gall*, 552 U.S. 38, 49-50  (2007).

For the reasons stated herein, Jose Valenzuela asserts that a sentence below the advisory Guidelines range as calculated in the Presentence Investigation Report,  is sufficient  but  not  greater  than  necessary  to fulfill  the  purposes  of  punishment set forth in 18 U.S.C. §3553(a). Mr. Vasquez Valenzuela presents  the  following  factors  for  the  Court's  consideration  in determining his sentence.

**1.** *History and Characteristics of Jose Ismael Vasquez Valenzuela*

Born in Esquintla, Guatemala on September 30, 1976, Jose Vasquez Valenzuela was the first son born to Regina Valenzuela and Jose Manuel Vasquez. Jose Valenzuela was one of four children born to the couple, who raised their family in Guatemala during a time of political unrest.

Jose Valenzuela's parents separated when he was a pre-teen, and Jose and his siblings stayed with their mother. Their father continued to support the family, however, the family struggled, and Jose Valenzuela began working at a young age doing clean up at construction sites after school, to help his mother with the family finances.  In Guatemala, school is compulsory through six grades, after which a diploma is granted. Jose Vasquez Valenzuela received his diploma after six years of school, at age 10, and has had no formal education since that time.

The challenges of survival and financial viability in Guatemala were such that Jose Valenzuela decided to come to the United States at age 15 to find work so that he could send money home to his mother, with whom he was very close, so that she could have an easier life in Guatemala. Mr. Valenzuela landed first in Los Angeles, and he worked in California for about one year before heading east to North Carolina to work in the tobacco fields. After living in North Carolina for a time, Mr. Valenzuela migrated to Florida for a couple of years, then headed to Michigan, chasing the seasonal growing season in the Midwest. Finding Michigan's climate unappealing, Mr. Valenzuela migrated back to California. By this time, Jose Valenzuela had been in the United States for over ten years, and experienced his first removal from the United States after traveling to Houston, Texas. He was removed to Mexico at that time.

After the first removal Mr. Valenzuela returned to California a few months later, but left to return to Guatemala soon thereafter, after learning that his mother was ill with cancer. Jose Valenzuela retuned to Esquintla, Guatemala to care for his mother, and met his first wife there in 1996. A daughter was born to this marriage while Jose Valenzuela was in the United States. Later in the relationship, his wife in Guatemala was killed during a vicious robbery, and their young daughter witnessed the killing of her mother. His daughter was then raised by her maternal grandparents until 2014, when Jose Valenzuela was able to take her to Mexico to live, away from

2

the violence and danger in Guatemala.

While Jose Valenzuela was living in the United States he became addicted to crack cocaine, and he developed a drinking problem.  Eventually Jose Valenzuela ended up in Cleveland, Ohio while working for a tree trimming service, and this is where he met his current wife, Elyda Espinosa, in 2002. Elyda Espinosa, who is a legal permanent resident of the United States, was instrumental in changing Jose Valenzuela, and assisted in getting him involved in the church, where he was able to fight the addiction demons and beat his cocaine and alcohol addiction. The couple share two children, Heidy Valenzuela and Samuel Valenzuela, both of which are natural born citizens. Heidy Valenzuela, who is now a senior in high school, has been a stand-out student who has achieved recognition and success as a Science Intern at the Cleveland Clinic over this past summer.  Her teacher, Michael Baker, has written a letter for this Court's perusal, which indicates that it is the emotional and parental support Mr. Valenzuela provides for his children that have made a difference in the Valenzuela children's lives. [See, Defendant's Exhibit A, Letter from Michael Baker; Exhibit B, Letter from Cleveland Clinic].

Jose Valenzuela suffered many personal losses during this time, as his beloved mother died of cancer in 2006, and his little brother, Freddie Vasquez Valenzuela, died of cancer at 32 years-of-age in 2011. Having lived in Guatemala for periods of time throughout the 2000s, Jose Vasquez Valenzuela has received death threats from the same people who murdered his first wife while living in Mazatenango City, Guatemala. At one point, he was held for ransom and beaten;  he was only released when they realized he had no money.  (See Presentence Report ("PSR") at ¶50).  The threats are ongoing, as the Sinaloa drug cartel has many connections in Guatemala and Mexico, particularly in Southern Guatemala where the Vasquez Valenzuela family resides. The threats in 2014 are substantiated through the attached letter from the prosecutor in Mazatenango, Guatemala

3

to the Sheriff in that city, informing them of the threat and asking for protection for Jose Vasquez Valenzuela, and an Affidavit from Jose Valenzuela's father, who indicated that his son, Jose Vasquez Valenzuela, fled the country out of fear from the threats he had received. [See, Defendant's Exhibit C, Prosecutor Letter; Exhibit D, Affidavit]. According to his wife, the threats have continued and are part of the reason he returned to the United States as it relates to this case. Even after his return, his wife indicates that his father, who resides in Mexico Guatemala, continues to receive threats from cartel affiliates looking for his son.

Jose Vasquez Valenzuela is now 47 years of age, and understands that his wife and children will not join him in Guatemala, or Mexico, as his children have opportunities here in the United States, as citizens, that he cannot provide them back in Guatemala. Mr. Vasquez Valenzuela asks this Court to take into account his history and the love and appreciation he has for his family when fashioning his sentence.

### 2. *Reasons Supporting a Downward Departure*

The U.S. Sentencing Guidelines state the following at §4A1.3, in pertinent part:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

USSG §4A1.3(b)(1), effective November 1, 2018; *see also U.S. v Johnson,* 553 F.3d 990, 998 (6th Cir. 2009).

In the instant case, Mr. Valenzuela's criminal history category over-represents the seriousness of his criminal history. Jose Valenzuela's criminal history is filled with minor offenses that occurred while Mr. Valenzuela was addicted to alcohol and cocaine, or was acting under the influence when an offense was committed. (See PSR at Criminal History). Of the offenses that were not too old to count, Mr. Valenzuela received eight (9) criminal history points

4

out of his total score of 17 points, that were for offenses which carried either no jail time, or were for sentences of 90 days or less. (See PSR at ¶¶ 29-32, 34, 36). The sentences received for his re-entry offenses adds six points to Mr. Valenzuela's criminal history score, and propels him into criminal history category VI. (See PSR at ¶ 37).

As to his attempted robbery conviction, his mother in law and wife have stated that no robbery occurred at all. (See PSR at ¶32; Exhibit E, Letter from Mother in law). His wife indicates that much of this was a misunderstanding and the language barrier played a part when she spoke to the police.

Jose Valenzuela states that the nine points gained from the relatively minor offenses, which take his criminal history score to Category VI, overstate his actual criminal history. Without these minor offenses which were likely fueled by his former addictions, his criminal history score would be eight (8), which would place him in Category IV. Mr. Valenzuela states that criminal history Category V would allow for a "middle ground" and account for half of the misdemeanor/minor offenses, balancing the scales in favor of an accurate representation of his criminal history.

    **3.** *Reasons Supporting a Downward Variance*

Should this Court determine that a downward departure is not warranted in this case, Jose Vasquez Valenzuela requests a variance which would incorporate the reasons for a departure based upon over-representation of criminal history, and also based upon the active and ongoing threats to Mr. Valenzuela from the persons responsible for his first wife's death in Guatemala. Elyda Espinoza, his present wife, submits that the threats are ongoing, and that Mr. Valenzuela's father and sister still reside in Guatemala and are also aware of the ongoing dangers. Therefore, Jose Valenzuela asks this Court to take into account the ongoing threats as part of the reason for his return to the United States after his last removal, and consider these factors when fashioning an

appropriate sentence. In addition, Mr. Valenzuela will receive a sentence for the supervised release violation from Case No. 1:14CR548. He requests that the sentence imposed in this case takes into account the penalty for the supervised release violation.

### III. CONCLUSION

For these reasons, Jose Ismael Vasquez Valenzuela respectfully requests that the Court depart and/or vary downward from the applicable sentencing guideline range and sentence him to a term of imprisonment below the advisory Guideline term of 33 – 41 months, combined with supervised release.

                                      Respectfully submitted,

                                      STEPHEN C. NEWMAN
                                      Federal Public Defender
                                      Ohio Bar: 0051928

                                      */s/Charles E. Fleming*
                                      CHARLES E. FLEMING (0046778)
                                      Assistant Federal Public Defender
                                      Office of the Federal Public Defender
                                      1660 W. Second Street, Suite 750
                                      Cleveland, Ohio 44113
                                      (216) 522-4856 Fax: (216) 522-4421
                                      Email: charles_fleming@fd.org